1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WIMBERLY,                          No.  2:16-cv-0279 KJM KJN P

12              Plaintiff,

13       v.                                   ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14   JEFFERY BEARD, et al.,

15              Defendants.

16

17       Introduction

18           Plaintiff is a state prisoner, proceeding without counsel, in this civil rights action

19   originally filed in Sacramento County Superior Court on November 3, 2015 (Case No. 34-2015-

20   00186294).  The case was removed to federal court on February 11, 2016.  (ECF No. 1.)  The

21   notice of removal was filed by three of the seven named defendants, specifically, Beard, Harris,

22   and Stainer, who paid the filing fee.  On February 16, 2016, defendants Beard, Harris, and Stainer

23   filed a motion for screening and request for extension of time to respond to plaintiff's complaint.

24   (ECF No. 4.)

25           On February 24, 2016, plaintiff filed a motion to remand the case to state court,[1] which

26   was filed by the clerk on February 29, 2016.  (ECF No. 7.)  On March 2, 2016, defendants

27   _____

28   [1] Because plaintiff is proceeding pro se, he is afforded the benefit of the prison mailbox rule.  See
     Houston v. Lack, 487 U.S. 266, 276 (1988).

                                              1

1    Brager, Malmendier, and Rackley joined in defendant Beard, Harris, and Stainer's notice of

2    removal, and consented to the jurisdiction of this court.  (ECF No. 8.)  On March 7, 2016,

3    defendants filed an opposition to plaintiff's motion to remand.  (ECF No. 9.)  On March 11, 2016,

4    plaintiff filed a response to defendants' opposition.  (ECF No. 10.)  Currently pending before the

5    court is plaintiff's motion to remand the case to state court, and defendants' motion for extension

6    of time to respond to the complaint.

7            Legal Standards Governing Removal

8            Pursuant to 28 U.S.C. § 1441(a), removal is appropriate for "any civil action brought in a

9    State court of which the district courts of the United States have original jurisdiction . . . ."

10   Removal statutes are strictly construed.  See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062,

11   1064 (9th Cir. 1979).  "Federal jurisdiction must be rejected if there is any doubt as to the right of

12   removal in the first instance."  Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992).  "The burden of

13   establishing federal jurisdiction falls on the party invoking removal."  Gould v. Mut. Life Ins. Co.

14   of New York, 790 F.2d 769, 771 (9th Cir. 1986) (internal citation omitted).

15           As a general rule, all defendants in the state court action must join in the petition for

16   removal.  United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002).

17   Although there are certain exceptions to this rule of unanimity, "[w]here fewer than all the

18   defendants have joined in a removal action, the removing party has the burden under section

19   1446(a) to explain affirmatively the absence of any co-defendants in the notice for removal."

20   Prize Frize v. Matrix (U.S.) Inc., 167 F.3d 1261, 1266 (9th Cir. 1999), superseded by statute on

21   other grounds as recognized in Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 681 (9th Cir.

22   2006) (class action) (citations omitted); cf., Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193,

23   n.1 (9th Cir. 1988) (noting that nominal, unknown, fraudulently joined, or improperly served

24   defendants need not join in a petition for removal).

25           Here, plaintiff asserts that remand to state court is proper because (1) this court lacks

26   subject matter jurisdiction over plaintiff's claims, and (2) defendants' removal to federal court

27   was procedurally defective.  (See ECF Nos. 7 & 10.)

28   ////

                                    2

1    <u>Subject Matter Jurisdiction</u>

2        Plaintiff moves to remand on the ground that there is no federal jurisdiction over the case

3  because his claims arise under state law.  (ECF No. 7 at 2.)  Defendants oppose the motion,

4  arguing that plaintiff's suit includes several separate and distinct claims for violations of the

5  United States Constitution.  (ECF No. 9 at 2.)

6        "Only state-court actions that originally could have been filed in federal court may be

7  removed to federal court by the defendant."  <u>Caterpillar, Inc. v. Williams</u>, 482 U.S. 386, 392

8  (1987).  A federal court has original jurisdiction "of all civil actions arising under the

9  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "The presence or absence

10 of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides

11 that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's

12 properly pleaded complaint."  <u>Caterpillar</u>, 482 U.S. at 392 (internal quotations and citation

13 omitted).  "The rule makes plaintiff the master of the claim; he or she may avoid federal

14 jurisdiction by exclusive reliance on state law."  <u>Id.</u>  In other words, a plaintiff may defeat

15 removal by choosing not to plead any federal claims.  <u>Id.</u> at 399.  The existence of federal

16 jurisdiction is determined by the complaint at the time of removal.  <u>Libhart</u>, 592 F.2d at 1065.

17       Plaintiff's complaint alleges that defendants violated plaintiff's rights, and prison policy,

18 by forcing plaintiff to use the United States mail to deliver his prison grievances to the third level

19 appeals branch in Sacramento, California, thereby requiring plaintiff to personally incur the cost

20 of postage when seeking to exhaust administrative remedies at the third level of review.[2]  <u>See</u>

21 ECF No. 1-1 at 7-15.  Plaintiff, currently an inmate at Folsom State Prison, asserts that inmates at

22 other institutions have been spared the cost of mailing their grievances to the third level appeals

23 branch, and have instead been permitted to submit their grievances to the appeals coordinator at

24 their respective institutions for processing to the third level of review.  <u>Id.</u> at 11-12, 49-51.

25 _____
[2] The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust "such administrative
26 remedies as are available" before commencing a suit challenging prison conditions.  42 U.S.C. §
   1997e(a).  In California, CDCR regulations require that a grievance be pursued through the third
27 level of review before it is deemed "exhausted."  Cal. Code Regs. tit. 15, § 3084.1(b) ("all appeals
   are subject to a third level of review, as described in section 3084.7, before administrative
28 remedies are deemed exhausted").

Specifically, plaintiff contends that in In Re Brodheim, Case No. FCR219566 (Aug. 8, 2005), the Solano County Superior Court issued an order requiring the appeals coordinator at California Medical Facility, and/or appeals coordinators throughout the state, to accept and process third level appeals (as opposed to requiring inmates to submit their grievances through United States mail).[3]  See ECF No. 1-1 at 10-12, 49.  Plaintiff alleges that over the past ten years, defendants have refused to comply with the Solano County Superior Court order, and continue to require plaintiff to use the United States mail, and to personally incur the cost of postage, in order to submit his administrative grievances to the third level of review.  See id. at 9.  Plaintiff alleges that his grievances have been improperly denied, that he has been unable to exhaust his administrative remedies because he cannot afford the cost of postage, and that defendants have mislead plaintiff and other inmates regarding the need to submit grievances through the United States mail, when they should instead be able to submit grievances directly to the appeals coordinator for processing to the third level of review.

Plaintiff's complaint sets forth nineteen causes of action, including a number of state law negligence and intentional tort claims.  See ECF No. 1-1 at 23-56.  Throughout the complaint, plaintiff repeatedly cites to the United States Constitution and alleges that defendants' actions violated his constitutional rights.  While plaintiff argues that all of his claims arise under state law because he is attempting to enforce compliance with the Solano County Superior Court order, see ECF No. 7 at 2, the complaint also alleges that defendants' failure to comply with the state court order violates plaintiff's rights under the United States Constitution, see ECF No. 1-1 at 42-56.  Although plaintiff does not cite the federal civil rights statute,[4] he brings several causes of action based on the United States Constitution.  Specifically, in Claims 15-19, plaintiff alleges that

---

[3] Plaintiff appears to rely on a Prison Legal News article summarizing the Solano County Superior Court's decision in In Re Brodheim.  See ECF No. 1-1 at 79.  The article indicates that the superior court ordered California Medical Facility to comply with "the unambiguous language of section 3084.2(e), requiring the appeals coordinator to accept and process all formal level appeals, including the third level."  Id.  The author concludes: "Since CDC must treat all prisoners equally, the practical effect of the order is to apply statewide."  Id.

[4] 42 U.S.C. § 1983.

4

1  defendants, acting under color of state law, violated plaintiff's Due Process rights under the

2  Fourteenth Amendment, Equal Protection rights under the Fourteenth Amendment, and right of

3  access to the courts under the First Amendment.  See ECF No. 1-1 at 42-56.  A federal court has

4  subject matter jurisdiction over these claims.  See 28 U.S.C. § 1331.

5  Plaintiff could have limited his claims to state laws, rules, and regulations in order to

6  avoid federal jurisdiction, see Caterpillar, 482 U.S. at 399, but did not choose to do so.  Instead, in

7  addition to his state law claims, plaintiff specifically alleged violations of his rights under the

8  First and Fourteenth Amendments of the United States Constitution and set them out as separate

9  and distinct claims for relief.  See ECF No. 1-1 at 42-56.  Thus, it is clear that this action satisfies

10  the requirement for original federal subject matter jurisdiction under 28 U.S.C. § 1331, while

11  plaintiff's state law claims may be considered pursuant to the court's exercise of supplemental

12  jurisdiction under 28 U.S.C. § 1367.  This case therefore meets the threshold criteria for removal

13  pursuant to 28 U.S.C. § 1441(a).

14  Procedural Defects in Notice of Removal

15  Plaintiff asserts that defendants' notice of removal is defective in that not all served

16  defendants consented to removal.  (ECF Nos. 7 & 10.)  Defendants argue that remand to state

17  court is unwarranted because the procedural defect has been cured.  (ECF No. 9 at 1-2.)

18  When there is more than one defendant in the action, all defendants who have been

19  "properly . . . served in the action" must unanimously agree to join in or consent to the removal.

20  Destfino v. Reiswig, 630 F.3d 952, 956-957 (9th Cir. 2011) (quoting Emrich, 846 F.2d at 1193

21  n.1 (9th Cir. 1988)); see also Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986);

22  United Computer Sys., Inc. v. AT & T Corp., 298 F.3d 756, 762 (9th Cir. 2002).  This is

23  commonly referred to as the unanimity requirement.  Lewis v. City of Fresno, 627 F. Supp. 2d

24  1179, 1182 (E.D. Cal. 2008).  Failure to comply with the unanimity requirement renders the

25  removal procedurally defective.  See Emrich, 846 F.2d at 1193 n.1.  However, if the unanimity

26  requirement is not met when the notice of removal is filed, the district court may allow the

27  removing defendants to cure the defect by obtaining joinder of all defendants prior to the entry of

28  judgment.  Destfino, 630 F.3d at 956–57.

5

1    Plaintiff's complaint names seven defendants:  Beard, Harris, Stainer, Grannis,

2  Malmendier, Brager, and Rackley.  (ECF No. 1-1 at 3.)  The notice of removal was filed by

3  defendants Beard, Harris, and Stainer on February 11, 2016.  The removal notice states that

4  defendants Beard, Harris, and Stainer were served on January 27, 2016, and that as of February

5  11, 2016, Beard, Harris, and Stainer were the only defendants who had been served.  (ECF No. 1

6  at 2.)  However, plaintiff subsequently provided evidence that defendants Malmendier, Brager,

7  and Rackley had also been served on January 27, 2016.  (See ECF No. 10 at 4-12.)

8    Because Malmendier, Brager, and Rackley were served on January, 27, 2016, and did not

9  join in the notice of removal filed on February 11, 2016, the notice of removal did not satisfy the

10  unanimity requirement.  However, defendants Malmendier, Brager, and Rackley joined the notice

11  of removal on March 2, 2016.  (ECF No. 8.)  While plaintiff is correct that Malmendier, Brager,

12  and Rackley's consent to removal was untimely in that it was not obtained within thirty days of

13  service of the complaint, the district court may allow the removing defendants to cure such a

14  defect by obtaining joinder of all defendants prior to the entry of judgment.  See Destfino, 630

15  F.3d at 956–57.  Accordingly, because defendant Malmendier, Brager, and Rackley's March 2,

16  2016 joinder cured the procedural defect, and no judgment has been entered in the instant case,

17  the court finds that defendants' untimely consent does not warrant remand to state court.  See

18  Soliman v. Philip Morris Inc., 311 F.3d 966, 970-971 (9th Cir. 2002) ("[A] procedural defect

19  existing at the time of removal but cured prior to entry of judgment does not warrant reversal and

20  remand of the matter to state court.") (alteration in original and internal quotation marks omitted).

21    The court also notes that defendant Grannis has not consented to removal.  (See ECF No.

22  1.)  While the general rule is that all defendants in a state action must join in the petition for

23  removal, this rule applies only to defendants properly joined and served in the action.  See

24  Emrich, 846 F.2d at 1193, n.1 (citing Salveson v. Western States Bankcard Ass'n., 731 F.2d 1423,

25  1429 (9th Cir. 1984)) (a party not served need not be joined in a petition for removal).  It does not

26  appear from the record before the court that defendant Grannis has been served in the instant case.

27  Because participation by unserved defendants is not required, id., defendant Grannis' failure to

28  consent to removal does not warrant remand to state court.

6

1    Conclusion

2        In accordance with the above, IT IS HEREBY ORDERED that:

3        Defendants' motion for screening and extension of time (ECF No. 4) is granted.  The

4    court will screen the complaint in a separate order.  Defendants will be granted thirty (30) days

5    from the date of service of the court's screening order to file an answer or otherwise respond to

6    the complaint.

7        IT IS FURTHER RECOMMENDED that:

8        Plaintiff's motion for remand (ECF No. 7) be denied.

9        These findings and recommendations are submitted to the United States District Judge

10   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11   after being served with these findings and recommendations, any party may file written

12   objections with the court and serve a copy on all parties.  Such a document should be captioned

13   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14   objections shall be filed and served within fourteen days after service of the objections.  The

15   parties are advised that failure to file objections within the specified time may waive the right to

16   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17   Dated:  August 26, 2016

18

19   _____
     KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE
20

21   /wimb2079.remand.fr

22

23

24

25

26

27

28

7