1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LARRY WIMBERLY,                          No.  2:16-cv-0279 KJM KJN P

12                    Plaintiff,

13        v.                                  ORDER

14   JEFFERY BEARD, et al.,

15                    Defendants.

16

17   Introduction

18        Plaintiff is a state prisoner, proceeding pro se.  This action was removed from the

19   Sacramento County Superior Court by defendants Beard, Harris and Stainer, who paid the filing

20   fee.  On March 2, 2016, defendants Brager, Malmendier and Rackley joined in the removal.

21   Defendant Grannis has not yet been served.  This proceeding was referred to this court by Local

22   Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

23        As discussed below, plaintiff's complaint is dismissed with leave to amend.

24   Screening Standards

25        The court is required to screen complaints brought by prisoners seeking relief against a

26   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

27   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

28   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

4  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

9  2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably

10  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

11  1227.

12      Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain

13  statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

14  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

15  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

16  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a

17  formulaic recitation of the elements of a cause of action;" it must contain factual allegations

18  sufficient "to raise a right to relief above the speculative level."  Id. at 555.  However, "[s]pecific

19  facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

20  the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93

21  (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).

22  In reviewing a complaint under this standard, the court must accept as true the allegations of the

23  complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most

24  favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other

25  grounds, Davis v. Scherer, 468 U.S. 183 (1984).

26      The Civil Rights Act under which this action was filed provides as follows:

27      Every person who, under color of [state law] . . . subjects, or causes
    to be subjected, any citizen of the United States . . . to the
28      deprivation of any rights, privileges, or immunities secured by the

2

1
2
Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

3  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

4  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

5  Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983

6  liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no

7  affirmative link between the incidents of police misconduct and the adoption of any plan or policy

8  demonstrating their authorization or approval of such misconduct).  "A person 'subjects' another

9  to the deprivation of a constitutional right, within the meaning of  § 1983, if he does an

10 affirmative act, participates in another's affirmative acts or omits to perform an act which he is

11 legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy,

12 588 F.2d 740, 743 (9th Cir. 1978).

13      Although supervisory government officials may not be held liable for the unconstitutional

14 conduct of their subordinates under a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S.

15 662, 676 (2009), they may be individually liable under Section 1983 if there exists "either (1) [the

16 supervisor's] personal involvement in the constitutional deprivation; or (2) a sufficient causal

17 connection between the supervisor's wrongful conduct and the constitutional violation."  Hansen

18 v. Black, 885 F.2d 642, 646 (9th Cir. 1989).  The requisite causal connection between a

19 supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be

20 established in a number of ways, including by demonstrating that a supervisor's own culpable

21 action or inaction in the training, supervision, or control of his subordinates was a cause of

22 plaintiff's injury.  Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011); Larez v. City of Los

23 Angeles, 946 F.2d 630, 646 (9th Cir. 1991).  A plaintiff must also show that the supervisor had

24 the requisite state of mind to establish liability, which turns on the requirement of the particular

25 claim -- and, more specifically, on the state of mind required by the particular claim -- not on a

26 generally applicable concept of supervisory liability.  Oregon State University Student Alliance v.

27 Ray, 699 F.3d 1053, 1071 (9th Cir. 2012).

28 ////

3

1    Plaintiff's Complaint

2          Plaintiff's complaint alleges that defendants violated plaintiff's rights, and prison policy,

3    by forcing plaintiff to use the United States mail to deliver his prison grievances to the third level

4    appeals branch in Sacramento, California, thereby requiring plaintiff to personally incur the cost

5    of postage when seeking to exhaust administrative remedies at the third level of review.[1]  (See

6    ECF No. 1-1 at 7-15.)  Plaintiff asserts that inmates at other institutions have been spared the cost

7    of mailing their grievances to the third level appeals branch, and have instead been permitted to

8    submit their grievances to the appeals coordinator at their respective institutions for processing to

9    the third level of review.  (Id. at 11-12, 49-51.)

10          Specifically, plaintiff contends that in In Re Brodheim, No. FCR219566, on August 8,

11   2005, the Solano County Superior Court issued an order requiring the appeals coordinator at

12   California Medical Facility ("CMF"), and/or appeals coordinators throughout the state, to accept

13   and process third level appeals (as opposed to requiring inmates to submit their grievances

14   through United States mail).[2]  (See ECF No. 1-1 at 10-12, 49.)  Plaintiff alleges that over the past

15   ten years, defendants have refused to comply with the Solano County Superior Court order, and

16   continue to require plaintiff to use the United States mail, and to personally incur the cost of

17   postage, in order to submit his administrative grievances to the third level of review.  (See id. at

18   9.)  Plaintiff alleges that his grievances have been improperly denied, that he has been unable to

19   exhaust his administrative remedies because he cannot afford the cost of postage, and that

20   defendants have misled plaintiff and other inmates regarding the need to submit grievances

21   _____

22   [1]  The Prison Litigation Reform Act (PLRA) requires that prisoners exhaust "such administrative
     remedies as are available" before commencing a suit challenging prison conditions.  42 U.S.C.
23   § 1997e(a).  In California, CDCR regulations require that a grievance be pursued through the
     third level of review before it is deemed "exhausted."  Cal. Code Regs. tit. 15, § 3084.1(b) ("all
24   appeals are subject to a third level of review, as described in section 3084.7, before administrative
     remedies are deemed exhausted").

25   [2]  Plaintiff appears to rely on a Prison Legal News article summarizing the Solano County
26   Superior Court's decision in In Re Brodheim.  (See ECF No. 1-1 at 79.)  The article indicates that
     the superior court ordered CMF to comply with "the unambiguous language of section 3084.2(e),
27   requiring the appeals coordinator to accept and process all formal level appeals, including the
     third level."  Id.  The author concludes:  "Since CDC[R] must treat all prisoners equally, the
28   practical effect of the order is to apply statewide."  Id.

1  through the United States mail, when they should instead be able to submit grievances directly to

2  the appeals coordinator for processing to the third level of review.

3        Plaintiff's complaint sets forth nineteen causes of action, including a number of state law

4  negligence and intentional tort claims.  See ECF No. 1-1 at 23-56.  Throughout the complaint,

5  plaintiff repeatedly cites to the United States Constitution and alleges that defendants' actions

6  violated his constitutional rights.  Although plaintiff does not cite the federal civil rights statute,[3]

7  in Claims 15-19, plaintiff alleges that defendants, acting under color of state law, violated

8  plaintiff's Due Process rights under the Fourteenth Amendment, Equal Protection rights under the

9  Fourteenth Amendment, and right of access to the courts under the First Amendment.  (See ECF

10  No. 1-1 at 42-56.)

11  Discussion

12        Here, plaintiff did not provide a copy of the Solano County Superior Court's order, but he

13  provided exhibits that suggest such order did not state that the order generally applied to all

14  California prisons.  The article in the Prison Legal News, on which plaintiff relies, does not claim

15  that the order stated it applied to all prisons in California.  (ECF No. 1-1 at 94.)  The article's

16  author specifically states that "[t]he superior court *ordered CMF* to comply with 'the

17  unambiguous language of section 3084.2(e), requiring the appeals coordinator to accept and

18  process all formal level appeals, including the third level.'"  (ECF No. 1-1 at 94, emphasis

19  added.)  The author then concluded, without quoting the superior court's ruling, that "[s]ince

20  CDC[R] must treat all prisoners equally, the practical effect of the order is to apply statewide."

21  Id.  Moreover, plaintiff complains that he was required to provide the order with his

22  administrative appeal.  In the third level appeal response addressing plaintiff's appeal that prison

23  staff at Folsom were not complying with the Solano County order, the reviewing official quoted

24  from the order:

25          In case #FCR219566 the Solano Superior Court stated the CCR
        3084.2(c) was "unambiguous and does not carve an exception for

26          the third formal level of appeal.  No other provisions in the Code of
        Regulations suggest that a different interpretation is appropriate. . . .

27

28  [3] 42 U.S.C. § 1983.

1
2
3

> Accordingly, the California Medical Facility (CMF) is ordered to comply with the clear and unambiguous language of section 3084.2(c). The appeals coordinator shall accept and process all form level inmate appeals, including the third level."

4   (ECF No. 1-1 at 109.)  Thus, the exhibits provided by plaintiff contradict plaintiff's claim that the

5   Solano County Superior Court order issued in No. FCR219566 directed all prisons in the CDCR

6   to comply with such order.  But the court does not need to resolve such contradiction because

7   plaintiff's administrative appeals are governed by the regulations in effect at the time plaintiff

8   submitted his appeals in 2014.  See Jones v. Bock, 549 U.S. 199, 218 (2007) (The prison's

9   applicable grievance procedures govern the exhaustion of administrative remedies.); see also

10  Stephen v. Alvarez, 2016 WL 3162142, at *5 (N.D. Cal. June 7, 2016) ("Whatever the former

11  requirements may have been in the CDCR and whatever requirements may still exist in other

12  facilities, since January 28, 2011, the operative regulation has required California prisoners using

13  the CDCR's inmate appeal system to list the name(s) of the wrongdoer(s) in their

14  administrative appeals.").

15      Before the regulations were amended in 2011, § 3084.2(c) did not distinguish among the

16  three levels of appeal review as to delivery of the appeals, generally providing for appeals to be

17  submitted to the appeals coordinator for processing.  Id. (history notes 11-12 providing operative

18  date of amendment); see also Mello v. Martinez, 2010 WL 118394 (E.D. Cal. Jan. 8, 2010)

19  ("prisoners simply needed to submit appeals for the first, second and third level of review to the

20  Appeals Coordinator.").  But, on January 28, 2011, the regulations were amended to differentiate

21  how third level appeals were to be submitted:

22
23

> (c) First and second level appeals as described in section 3084.7 shall be submitted to the appeals coordinator at the institution or parole region for processing.

24
25
26
27
28

> (d) If dissatisfied with the second level response, the appellant may submit the appeal for a third level review, as described in section 3084.7, provided that the time limits pursuant to section 3084.8 are met. The appellant *shall mail* the appeal and supporting documents to the third level Appeals Chief *via the United States mail service* utilizing his or her own funds, unless the appellant is indigent in which case the mailing of appeals to the third level of review shall be processed in accordance with indigent mail provisions pursuant to section 3138.

1

2

3

> (e) If the appeal has been accepted and processed as an emergency appeal and the appellant wishes a third level review, the appellant must forward the appeal to the appeals coordinator who shall electronically transmit it to the third level Appeals Chief. The third level review shall be completed within five working days.

4   Cal. Code Regs. tit. 15, § 3084.2 (2011) (emphasis added).

5          Here, the complaint relies on two administrative appeals filed by plaintiff:  (1) appeal

6   challenging 8/23/14 cell search signed 8/27/14 (ECF No. 1-1 at 120); and (2) appeal challenging

7   failure to comply with the 2005 Solano County Superior Court order, signed 10/20/2014 (ECF

8   No. 1-1 at 68, 103).  Plaintiff includes no appeals signed after the 2005 Solano County Court

9   order and before January 28, 2011, the date the regulations were amended.  By the time plaintiff

10  submitted his appeals in 2014, the regulations expressly required inmates to submit, by the United

11  States mail service, appeals for third level review.  Moreover, the regulation also provides that if

12  an inmate is indigent, the mailing of such appeals is processed pursuant to § 3138.  Cal. Code

13  Regs., tit. 15, §§ 3084.2(d).

14         As set forth above, the regulations governing administrative appeals did not incorporate

15  the language from the Solano County Superior Court order, and provide that appeals for third

16  level review could be delivered to appeals coordinators.  Rather, the regulation was amended to

17  provide for inmates to mail appeals for third level review via the United States mail.  Thus,

18  because plaintiff filed his administrative appeals in 2014, he was required to mail his third level

19  appeal because under the regulations, amended in 2011, he was so required.  Cal. Code Regs., tit.

20  15, §§ 3000.5(c) (rules of construction provide that "'shall' is mandatory, 'should' is advisory,

21  and 'may' is permissive.")  Similarly, other inmates housed in the CDCR were required to mail

22  their appeals for third level review.  Thus, plaintiff cannot state cognizable claims due to the

23  amended regulations governing the submission of his 2014 administrative appeals.

24         For all of the above reasons, plaintiff's complaint must be dismissed.  It is not clear from

25  plaintiff's complaint that he will be able to amend to state a cognizable civil rights claim.

26  However, in an abundance of caution, the court will grant plaintiff leave to file an amended

27  complaint.

28  ////

7

1    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

2 about which he complains resulted in a deprivation of plaintiff's constitutional rights.  <u>Rizzo v.</u>

3 <u>Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms how each

4 named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983 unless there is

5 some affirmative link or connection between a defendant's actions and the claimed deprivation.

6 <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743

7 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil

8 rights violations are not sufficient.  <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

9    In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

10 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

11 complaint be complete in itself without reference to any prior pleading.  This requirement exists

12 because, as a general rule, an amended complaint supersedes the original complaint.  <u>See Loux v.</u>

13 <u>Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

14 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

15 original complaint, each claim and the involvement of each defendant must be sufficiently

16 alleged.  However, plaintiff is not required to re-file his exhibits.  Plaintiff may refer to his

17 exhibits or he may ask the Clerk of the Court to append his exhibits to any amended complaint.

18 (ECF. No. 1-1 at 60-131.)

19    In accordance with the above, IT IS HEREBY ORDERED that:

20    1.  Plaintiff's complaint is dismissed.

21    2.  Within thirty days from the date of this order, plaintiff shall complete the attached

22 Notice of Amendment and submit the following documents to the court:

23       a.  The completed Notice of Amendment; and

24       b.  An original and one copy of the Amended Complaint, filed on the court's

25 complaint form.

26 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the

27 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must

28 also bear the docket number assigned to this case and must be labeled "Amended Complaint."

1       Failure to file an amended complaint in accordance with this order may result in the

2  dismissal of this action.

3       3.  The Clerk of the Court is directed to send plaintiff the form for filing a civil rights

4  complaint by a prisoner.

5  Dated:  March 8, 2017

6

7                                                             KENDALL J. NEWMAN

/wimb0279.14                                      UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8                             UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    LARRY WIMBERLY,                              No.  2:16-cv-0279 KJM KJN P

12                 Plaintiff,

13         v.                                      NOTICE OF AMENDMENT

14    JEFFERY BEARD, et al.,

15                 Defendants.

16

17         Plaintiff hereby submits the following document in compliance with the court's order

18    filed_____.

19                      _____        Amended Complaint
      DATED:
20

21                                            _____

22                                            Plaintiff

23

24

25

26

27

28